UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MILLENNIUM PIPELINE COMPANY, L.L.C.,

                          *Plaintiff*,

-vs-

CERTAIN PERMANENT AND TEMPORARY EASEMENTS IN (No Number) EAST SIDE OF STATE HIGHWAY 94 & 17A, S.B.L. No. 31-2-64.32 AND (No Number) WEST SIDE OF STATE HIGHWAY 94 & 17A, S.B.L. No. 31-2-66.2, TOWN OF WARWICK, COUNTY OF ORANGE, NEW YORK, John W. Sanford, III, John Doe, et al., and Unknown Owners,

                          *Defendants*.

**07 CIV. 7616**

**COMPLAINT**

Civil Action No.

---

1. This is an action of a civil nature brought by plaintiff MILLENNIUM PIPELINE COMPANY, L.L.C. ("MILLENNIUM") for the taking of permanent and temporary easements in certain property identified in the caption above and more fully below under the power of eminent domain and for the ascertainment and award of just compensation to the fee owner of such property and any other parties in interest.

2. The authority for the taking is the Natural Gas Act, 15 U.S.C. §717, *et seq*.

3. The uses for which permanent and temporary easements in the property are to be taken are to acquire, construct and operate pipeline facilities from a new compressor station in Corning, New York (milepost 190.6) to the Ramapo, New York measuring and regulating station (milepost 376.6) pursuant to the December 21, 2006 Order issued by the United States Federal Energy Regulatory Commission ("FERC") entitled "Order Issuing and Amending Certificates, Approving Abandonment, Vacating Certificate and Granting and Denying Requests for

Rehearing and Clarification" ("FERC Order").  MILLENNIUM accepted the FERC Order on January 19, 2007, and a copy of the FERC Order is attached hereto as Exhibit 1. The MILLENNIUM pipeline for which easements in the property are being taken will, *inter alia*:

- provide the northeast with access to gas supplies from the Dawn hub in Ontario, Canada and the upstream Chicago, Illinois hub;

- increase pipeline capacity in southeastern New York and provide access to existing storage fields in western New York;

- help satisfy the increasing demand for natural gas including from electric generating plants fueled primarily by natural gas at a time when the gas demand in New York is close to exceeding the capacity of the pipelines serving it and the demand in the New York City metropolitan area is growing.

Exhibit 1 hereto, pp. 29-30.

    4.    MILLENNIUM seeks to acquire permanent and temporary easements from property known as (No Number) East Side of State Highway 94 & 17A, Town of Warwick, County of Orange, New York, S.B.L. No. 31-2-64.32, MILLENNIUM Tract Nos. 110263 and 110263.01 and the property known as (No Number) West Side of State Highway 94 & 17A, Town of Warwick, County of Orange, New York, S.B.L. No. 31-2-66.2, MILLENNIUM Tract Nos. 110265 and 110265.02 (collectively, the "Subject Property").  The easements to be acquired in the Subject Property are more specifically described in Exhibits 2-5 attached hereto and made a part hereof.  Such permanent and temporary easements to be acquired shall run under, on, across and through such property.

    5.    The permanent easements that MILLENNIUM seeks to acquire in this action will give MILLENNIUM the right to:

- construct, operate, inspect, maintain, replace, repair, alter the size of and remove or abandon (anywhere within the right-of-way area defined above in paragraph 4 and in Exhibits 2-5 attached hereto) a pipeline or pipelines for transporting gas with associated fluids, or other substances that can be transported through

pipelines, and appurtenant facilities including, but not limited to, cathodic protection and above-ground pipeline markers; and

- perform pre-construction work and post construction restoration work.

6.  The temporary easements that MILLENNIUM seeks to acquire are for the purpose of work areas for use and exercisable during the construction, preconstruction and testing of the pipeline and restoration of the Subject Property, as reasonably required by MILLENNIUM for the purpose of constructing and testing the pipeline and restoring the Subject Property and to conduct all activities incident thereto, terminating upon the approval of the completed work, testing and property restoration, unless sooner terminated by MILLENNIUM or its authorized representative. Such temporary easements shall be exercised in the Subject Property designated in paragraph 4 above and as Temporary Work Space and/or Extra Temporary Work Space in the descriptions attached hereto as Exhibits 2-5 reserving, however, to the property owner, his successors or assigns, the right of using said Subject Property and such use shall not be further limited or restricted under these temporary easements beyond that which is necessary to effectuate their purposes for the construction and testing of the pipeline and restoration of the Subject Property.

7.  The persons known to MILLENNIUM to have or claim an interest in the Subject Property in which Millennium seeks to acquire permanent and temporary easements for the Project are:

| Person | Interest |
| --- | --- |
| John W. Sanford, III<br>Maple Terrace Farm<br>Seward Highway<br>Warwick, NY 10990 | Fee Owner; Liber 2860/page 255 and<br>Liber 4485/page 339 (correction deed) |

| **Person** | **Interest** |
|---|---|
| Orange and Rockland Utilities, Inc.<br>One Blue Hill Plaza<br>Pearl River, NY 10965 | Easements; Liber 2531/Page 139 and Liber 1290/Page 437 |

8.  The Fee Owner identified in paragraph 7 above may fully use and enjoy his Subject Property in which MILLENNIUM seeks to acquire permanent and temporary easements to the extent that such use and enjoyment does not interfere with MILLENNIUM's permanent and temporary easements. However, the Fee Owner shall not, including but not limited to, change the depth of cover over any installed pipeline at the Subject Property without the written consent of MILLENNIUM and shall not place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to, buildings, mobile homes, trees, fences, paved roads or passage ways or the like on or over those portions of the Subject Property to be encumbered by the permanent and temporary easements, and shall not store any materials of any kind or operate or allow to be operated any heavy machinery or equipment over such portions of the Subject Property.

9.  MILLENNIUM identifies Orange & Rockland Utilities, Inc. ("O&R") in this Complaint because, upon information and belief, it possesses easement interests in portions of the Subject Property, in which MILLENNIUM seeks to acquire permanent and temporary easements. By this action, MILLENNIUM seeks permanent and temporary easements that will co-exist with O&R's easements identified in paragraph 7 of this Complaint.

10. In addition to the persons named in paragraph 7 of this Complaint, there are or may be others who have or may claim some interest in the Subject Property identified in paragraph 4 above, whose names are unknown to MILLENNIUM and on diligent inquiry have

not been ascertained. They are made parties to the action under the designation "Unknown Others."

WHEREFORE, MILLENNIUM PIPELINE COMPANY, L.L.C. demands judgment that the permanent and temporary easements in the aforementioned Subject Property be condemned and that just compensation for the takings be ascertained and awarded and for such other relief as may be lawful and proper.

DATED:   August 20, 2007

HISCOCK & BARCLAY, LLP

By: _____
    Darryl J. Colosi DC2929
    Mark D. Lansing ML1947

*Attorneys for Plaintiff*
Millennium Pipeline Company, LLC
Office and Post Office Address
50 Beaver Street
Albany, New York  12207-2830
Telephone: (518) 434-2163