674/590 263.01

#8

personally came H. W. Knolle subscribing witness to the within instrument, with whom I am personally acquainted, who being by me duly sworn said that he resided in the village of Monroe, N. Y., that he was acquainted with Mary J. Turfler, and knew her to be the person described in and who executed the said instrument; and that he saw her execute and deliver the same, and that she acknowledged to him, the said H. W. Knolle that she executed and delivered the same and that the said H. W. Knolle thereupon subscribed his name as witness thereto.

Ernest F. Eichenberg, Notary Public

A true record entered May 22, 1929 at 9 A. M.

[signature] Clerk.

---

May 17, 1929 For value Received I hereby grant to Orange and Rockland Electric Co., its successors or assigns, the right to erect and maintain its lines with the necessary poles or towers, wires, stubs, guys and anchors for carrying electrical current upon, over and across my lands in the Town of Warwick County of Orange State of New York in the following manner: Starting at the lands of Sherlock near Tenant house about 20 feet from fence along highway to the lands of Turfler. Together with the right to trim any or all trees or other obstructions to keep the said lines clear at least five feet.

Witness H. W. Knolle Signed John W. Sanford --

State of New York
County of Orange SS.

On this 21st day of May, 1929, before me, personally came H. W. Knolle, subscribing witness to the within instrument, with whom I am personally acquainted, who being by me duly sworn said that he resided in the village of Monroe, N. Y., that he was acquainted with John W. Sanford and knew him to be the person described in and who executed the said instrument; and that he saw him execute and deliver the same, and that he acknowledged to him, the said H. W. Knolle, that he executed and delivered the same and that the said H. W. Knolle thereupon subscribed his name as witness thereto.

Ernest F. Eichenberg, Notary Public

A true record entered May 22, 1929 at 9 A. M.

[signature] Clerk.

---

July 25, 1928 For value received we hereby grant to Orange and Rockland Electric Co., its successors or assigns, the right to erect and maintain its lines with the necessary poles or wires, stubs, guys and anchors for carrying electrical current upon, over and across our lands in the Town of Monroe, County of Orange State of New York, in the following manner: To set poles along property line and along roadway at Shawnee Park, Walton Lake. Together with the right to trim any or all trees or other obstructions to keep the said lines clear at

Signed N. S. Owens --

State of New York
County of Orange SS.

On this 27 day of February, 1926, before me, personally came H. M. Foster subscribing witness with whom I am personally acquainted, to me known and known to me to be the subscribing witness to the foregoing instrument, who, being by me duly sworn, did depose and say that he resides in Roanoke Virginia, that he is personally acquainted with Frank and Mary E. Sloat and knows said persons to be the persons described in and who executed the foregoing instrument; that he, the said subscribing witness, was present and saw the said persons execute the same and that they severally duly acknowledged to him, the said subcribing witness, that they executed the same and that he thereupon subscribed his name as witness thereto.

Philip A. Rorty, Notary Public.

A true record entered March 18, 1926 at 4 P. M.

Clerk.

In consideration of the sum of $1.00 paid to the undersigned by Central Hudson Gas and Electric Company, a corporation, the receipt whereof is hereby acknowledged, the undersigned hereby grants and conveys unto said corporation, its successors and assigns, in perpetuity, an easement and right of way 125 feet in width throughout its extent, in, upon, over and across the lands of the undersigned, including roads thereon and adjacent thereto, situated in the town of Warwick, County of Orange State of New York, the exact location thereof to be selected by said corporation after its final surveys have been made. Lines run in a northeasterly and southwesterly course across the lands of J. W. Sanford.

Together with the right at all times to enter thereon and to have access thereto and to construct, operate and maintain thereon and to repair, replace, protect and remove, lines of poles, towers, cables, cross arms, guys, brance and all other appurtenances or fixtures adapted to the present and future needs uses and purposes of said corporation, its successors, assigns and lessees. Together with the right also to trim, cut and remove at any time such trees and other objects thereon and on adjacent property of the undersigned as in the judgment of said corporation, its successors and assigns, may interfere with, obstruct or endanger the construction, operation or maintenance of said rights, lines and fixtures or any thereof.

RESERVING unto the undersigned the right to cultivate the ground between said poles and towers and beneath said wires and fixtures, provided that such use of said ground shall not interfere with, obstruct or endanger any of the rights granted as aforesaid; and provided that damage to the property owned by the undersigned caused solely by said corporation, its successors or assigns, in maintaining or repairing said lines shall be adjusted at the expense of said

or of the corporation, become in all respects void and of no effect. The provisions hereof shall apply to and bind the heirs, legal representatives, successors and assigns, of the undersigned and said corporation, respectively.

Signed, sealed and delivered on October 30th, 1925.

In the presence of Louise Martin

John W. Sanford L. S.
Residing at Warwick, New York

H. M. Foster

Bertha F. Sanford L. S.

State of New York
County of Orange SS.

On this 27 day of February 1926, before me personally came H. M. Foster, subscribing witness with whom I am personally acquainted, to me known and known to me to be the subscribing witness to the foreging instrument, who being by me duly sworn, did depose and say that he resides in Roanoke, Virginia, that he is personally acquainted with John W. & Bertha F. Sanford, and knows said persons to be the persons descirbed in and who executed the foregoing instrument; that he, the said subscribing witness, was present and saw the said persons execute the same and that they severally duly acknowledged to him, the said subscribing witness, that they executed the same, and that he thereupon subscribed his name as witness thereto.

Philip A. Rorty, Notary Public.

A true record entered March 18, 1926 at 4 P. M.

Clerk.

---

In consideration of the sum of $1.00 paid to the undersigned by Central Hudson Gas and Electric Company, a corporation, the receipt whereof is hereby acknowledged, the undersigned hereby grants and conveys unto said corporation, its successors and assigns, in perpetuity, an easement and right of way 125 feet in width throughout its extent, in, upon, over and across the lands of the undersigned, including roads thereon and adjacent thereto, situated in the town of Warwick, County of Orange State of New York, the exact location thereof to be selected by said corporation after its final surveys have been made. Lines run in a northeasterly and southwesterly course across the lands of the estate of R. W. Sly.

Together with the right at all times to enter thereon and to have access thereto and to construct, operate and maintain thereon and to repair, replace, protect and remove, lines of poles, towers, cables, cross arms, guys, braces, and all other appurtenances or fixtures adapted to the present and future needs, uses and purposes of said corporation, its successors assigns and lessees. Together with the right also to trim, cut and remove at any time such trees and other objects thereon and on adjacent property of the undersigned, as in the judgment of said corporation, its successors and assigns, may interfere with, obstruct or endanger the construction, operation ...

#9

State of New York
County of Orange SS.

On this 27 day of February, 1926, before me, personally came H. M. Foster subscribing witness with whom I am personally acquainted, to me known and known to me to be the subscribing witness to the foregoing instrument, who, being by me duly sworn, did depose and say that he resides in Roanoke Virginia, that he is personally acquainted with Frank and Mary E. Sloat and knows said persons to be the persons described in and who executed the foregoing instrument; that he, the said subscribing witness, was present and saw the said persons execute the same and that they severally duly acknowledged to him, the said subcribing witness, that they executed the same and that he thereupon subscribed his name as witness thereto.

Philip A. Rorty, Notary Public.

A true record entered March 18, 1926 at 4 P. M.

Clerk.

---

In consideration of the sum of $1.00 paid to the undersigned by Central Hudson Gas and Electric Company, a corporation, the receipt whereof is hereby acknowledged, the undersigned hereby grants and conveys unto said corporation, its successors and assigns, in perpetuity, an easement and right of way 125 feet in width throughout its extent, in, upon, over and across the lands of the undersigned, including roads thereon and adjacent thereto, situated in the town of Warwick, County of Orange State of New York, the exact location thereof to be selected by said corporation after its final surveys have been made. Lines run in a northeasterly and southwesterly course across the lands of J. W. Sanford.

Together with the right at all times to enter thereon and to have access thereto and to construct, operate and maintain thereon and to repair, replace, protect and remove, lines of poles, towers, cables, cross arms, guys, brance and all other appurtenances or fixtures adapted to the present and future needs uses and purposes of said corporation, its successors, assigns and lessees. Together with the right also to trim, cut and remove at any time such trees and other objects thereon and on adjacent property of the undersigned as in the judgment of said corporation, its successors and assigns, may interfere with, obstruct or endanger the construction, operation or maintenance of said rights, lines and fixtures or any thereof.

RESERVING unto the undersigned the right to cultivate the ground between said poles and towers and beneath said wires and fixtures, provided that such use of said ground shall not interfere with, obstruct or endanger any of the rights granted as aforesaid; and provided that damage to the property owned by the undersigned caused solely by said corporation, its successors or assigns, in maintaining or repairing said lines shall be adjusted at the expense of said

or of the corporation, become in all respects void and of no effect. The provisions hereof shall apply to and bind the heirs, legal representatives, successors and assigns, of the undersigned and said corporation, respectively.

Signed, sealed and delivered on October 30th, 1925.

In the presence of Louise Martin John W. Sanford L. S.
Residing at Warwick, New York

H. M. Foster Bertha F. Sanford L. S.

State of New York
County of Orange SS.

On this 27 day of February 1926, before me personally came H. M. Foster, subscribing witness with whom I am personally acquainted, to me known and known to me to be the subscribing witness to the foreging instrument, who being by me duly sworn, did depose and say that he resides in Roanoke, Virginia, that he is personally acquainted with John W. & Bertha F. Sanford, and knows said persons to be the persons descirbed in and who executed the foregoing instrument; that he, the said subscribing witness, was present and saw the said persons execute the same and that they severally duly acknowledged to him, the said subscribing witness, that they executed the same, and that he thereupon subscribed his name as witness thereto.

Philip A. Rorty, Notary Public.

A true record entered March 18, 1926 at 4 P. M.

Clerk.

---

In consideration of the sum of $1.00 paid to the undersigned by Central Hudson Gas and Electric Company, a corporation, the receipt whereof is hereby acknowledged, the undersigned hereby grants and conveys unto said corporation, its successors and assigns, in perpetuity, an easement and right of way 125 feet in width throughout its extent, in, upon, over and across the lands of the undersigned, including roads thereon and adjacent thereto, situated in the town of Warwick, County of Orange State of New York, the exact location thereof to be selected by said corporation after its final surveys have been made. Lines run in a northeasterly and southwesterly course across the lands of the estate of R. W. Sly.

Together with the right at all times to enter thereon and to have access thereto and to construct, operate and maintain thereon and to repair, replace, protect and remove, lines of poles, towers, cables, cross arms, guys, braces, and all other appurtenances or fixtures adapted to the present and future needs, uses and purposes of said corporation, its successors assigns and lessees. Together with the right also to trim, cut and remove at any time such trees and other objects thereon and on adjacent property of the undersigned, as in the judgment of said corporation, its successors and assigns, may interfere with, obstruct or endanger the construction, operation or maintenance of said right

263.01
FILE

#10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

**Index No.:7228/93**

----------------------------------------X

ADAM J. FILIPOWSKI and TINIE FILIPOWSKI,

Plaintiff(s),

-against-

JOHN W. SANFORD & SON, INC., and co-partners, JOHN W. SANFORD, III and R. ERIC NILSESTUEN, and SIXTY-EIGHT MAIN STREET REALTY COMPANY,

Defendant(s).

----------------------------------------X

STIPULATION DISCONTINUING WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record for all the parties to the above entitled action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, the above entitled action be, and the same hereby is discontinued with prejudice, without costs to any party as against the other. This stipulation may be filed without further notice with the Clerk of the Court.

Dated: Elmsford, New York
March 2, 1995

Gerald G. Cowen
GERALD G. COWEN, ESQ.
Attorney for Defendants
570 Taxter Road
Elmsford, NY 10523

Adam J. Filipowski
ADAM J. FILIPOWSKI, ESQ.
Plaintiff Pro Se
P.O. Box 412
Monroe, NY 10950

State of New York
Co of Orange
Sworn to before me
this 31st day of July 97
by Adam J Filipowski

Joan P. Maceda

JOAN P. MACEDA
Notary Public, State of New York
Qualified in Orange County
Commission Expires April 30, 1997

Date 8/22/95
Action taken. ☐
Not on Calendar ☒
Thomas W. Adams
[illegible] Clerk

SUPREME COURT
COUNTY
95 AUG 22 AM 9:48

ORANGE COUNTY CLERK
FILED
95 AUG 24

7738-93

Supreme Court of [illegible] New York June 17 1994
County of Orange

Adam J Filipowski and Tinie H Filipowski Index # 7228/93
Plaintiffs

against

John W Sanford and son Inc. and
co-partners, John W Sanford, III and R, Eric Nitseestuen and Sixty Eight Main Realty Company
Defendants

Sirs:

We Adam J. Filipowski and Tinie H Filipowski reside ant 25 Round Lake Ave. Monroe New York , County of Orange.

We believe that John W Sanford and son Inc and co-partners John W, Sanford III and R, Eric Nilsestuen and Sixty Eight Main Realty Company live and or maintain a business in the Town of Warwick (Village of Warwick) county of Orange State of New Y ork.

On or about Nov 13 1990 I tripped on the sidewalk which was improperly maintained and owned by the defendants and which trip caused me to injure my back.

I have since incurred medical expenses in excess of $4,000.00 which have been previously submitted to the defendants Insurance company per instructions and wish to be reimbursed for same.

These injuries have limited my ability to walk without pain and suffering as well as other aspects of life.

Adam J. Filipowski suffered extreme pain from August until December of 1991 when as a result of this injury I could not walk, ride a bike, play golf, or have normal relationships with my wife.

The injury has caused permanent numbness to the left shin with unending back pain and I wish to be reimbursed for any future medical bills resulting from this accident. I also demand that the defendants fix the sidewalk in compliance with the Village Code to prevent future injuries to others as a result of this poorly maintained sidewalk, as this condition still persists in its dangerous and defective condition.

Yours, [signature]
Adam J. Filipowski
[signature]
Tinie H Filipowski

State of New York
County of Orange
Sworn to before me this 21ST day of JUNE 1994 at MONROE N.Y.

Notary [signature]

BRUCE L. HOINS
Notary Public, State of New York
Qualified in Orange County
Reg. No. 01-HO 1830900
Commission Expires Sept. 30, 1995

FROM:

7228/93

DATE:

injure my back.

I have since incurred medical expenses in excess of $4,000.00 which have been previously submitted to the defendants Insurance company per instructions and wish to be reimbursed for same.

These injuries have limited my ability to walk without pain and suffering as well as other aspects of life.

Adam J. Filipowski suffered extreme pain from August until December of 1991 when as a result of this injury I could not walk, ride a bike, play golf, or have normal relationships with my wife.

The injury has caused permanent numbness to the left shin with unending back pain and I wish to be reimbursed for any future medical bills resulting from this accident. I also demand that the defendants fix the sidewalk in compliance with the Village Code to prevent future injuries to others as a result of this poorly maintained sidewalk, as this condition still persists in its dangerous and defective condition.

Yours,

Adam J. Filipowski

Tinie H Filipowski

State of New York
County of Orange
Sworn to before me this 21ST day of JUNE 1994 at MONROE N.Y.

Notary

TO: THE COUNTY CLERK OF ORANGE COUNTY

Application for **INDEX NUMBER** pursuant to Section 8018 of CPLR

X SUPREME

___ COUNTY COURT

FEE

7228-93

Space below to be **TYPED** or **PRINTED** by Applicant

**FULL TITLE OF ACTION OR PROCEEDING**

Adam J. Filipowski and Tinie H. Filipowski

**VS**

John W. Sanford & Son, Inc. and Co-Partners John W. Sanford III & R. Eric Nilsestuen & Sixty-Eight Main Realty Company

Name and Address of Attorney for Plaintiff or Petitioner

N/A

Name and Address of Attorney for Defendant or Respondent

N/A

Name of Applicant

Adam J. Filipowski

SUBMITTED PAPERS ARE: (Please check below)

___ Summons & Complaint

X Summons w/Notice

___ Notice of Petition

___ Petition

___ Order to Show Cause

___ Poor Person Afft./Atty's Cert.

___ Other: ___

THIS FORM MUST BE COMPLETED AND SIGNED BY APPLICANT: [signature] (signature)

SPACE BELOW FOR OFFICE USE ONLY

REQUISITIONED BY: ___ Date: ___

___ Date: ___

ORG 11/12/93 02:08:43 54065 165.00 Date: ___

***** EDUCATION FUND: 5.00 *****

****** SERIAL NUMBER: 007228 ******

-93 10:21 914-761-1945 PAGE 01

C 198—Summons with Notice, Supreme Court, Personal or Substituted Service. 9-71

COPYRIGHT 1971 BY JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS 80 EXCHANGE PLACE AT BROADWAY, NEW YORK

Index No. 7228-93

# Supreme Court of the State of New York

County of ORANGE

ADAM J. FILIPOWSKI and TINIE FILIPOWSKI,

Plaintiff(s)

against

JOHN W. SANFORD & SON., INC., and B-Partners, JOHN W. SANFORD, III & R. Eric Nilsestuen & Sixtyeight Main Realty Company

Defendant(s)

Plaintiff(s) designates Orange County as the place trial

The basis of the venue is

## Summons with Notice

Plaintiff resides at Round Lake Road Monroe, New York County of Orange

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, November 11, 1993

Defendant's Address: 66-68 Main Street Warwick, New York 10990

ADAM J. FILIPOWSKI
~~Attorney(s) for Plaintiff(s)~~ PRO SE
Office and Post Office Address
P.O. Box 412
Monroe, New York 10950

Notice: The object of this action is recovery of money damages due to negligence.

The relief sought is money damages.

Upon your failure to appear, judgment will be taken against you by default for the sum of $ 1,000,000.00 with interest from November 13, 19 93 and the costs of this action.

**Affidavit of Service**

State of New York, County of ss.:

being duly sworn, deposes and says; that deponent is not a party to the action, is over 18 years of age and resides at

That on 19 at No.

deponent served the within summons *and complaint* on

check applicable box (☐) and fill in form

☐ **PERSONAL SERVICE ON INDIVIDUAL**
defendant therein named, by delivering a true copy *of each* to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

☐ **PERSONAL SERVICE ON CORPORATION**
a corporation, a defendant therein named, by delivering a true copy *of each* to personally; deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be thereof.

☐ **ALTERNATIVE METHOD (SUITABLE AGE PERSON)**
by delivering a true copy *of each* to a person of suitable age and discretion at No.

at o'clock m. on said day, said premises being defendant's—actual place of business—dwelling house — usual place of abode — within the state. Deponent also enclosed same in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, No.

and deposited said wrapper in—a post office—official depository under the exclusive care and custody of the United States post office department within New York State.

☐ **ALTERNATIVE METHOD (AFFIXING TO DOOR, ETC.)**
Deponent attempted to serve a true copy *of each* by personal delivery upon the defendant
at
On calling there

[8]

*Index No.*

**Supreme Court of the State of New York**

**County of** ORANGE

ADAM J. FILIPOWSKI and
TINIE FILIPOWSKI

*Plaintiffs*

*against*

JOHN W. SANFORD & SON, INC., and Graphics.
JOHN W. SANFORD, III & R. Eric
Hilsestuen/A Sixty-eight Main Jersey Company

Defendants

# Summons with Notice

*Attorney(s) for Plaintiff*

*Office, Post Office Address and Tel. No.*

That personal delivery service could not be made with due diligence upon the said defendant and therefor deponent on 19 affixed a copy of same to the door of said premises which is defendant's—actual place of business—dwelling house—usual place of abode—within the state. Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, No.

and deposited said wrapper in—a post office—official depository under the exclusive care and custody of the United States post office department within New York State.

Sworn to before me this
day of 19

ORG 11/12/93 02:08:43 54065 165.00
***** EDUCATION FUND: 5.00 *****
****** SERIAL NUMBER: 007228 ******