RECEIVED OCT - 9 2007 USDC-WP-SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MILLENNIUM PIPELINE COMPANY, L.L.C.,

          *Plaintiff,*

-vs-

CERTAIN PERMANENT AND TEMPORARY EASEMENTS IN (No Number) EAST SIDE OF STATE HIGHWAY 94 & 17A, S.B.L. No. 31-2-64.32 AND (No Number) WEST SIDE OF STATE HIGHWAY 94 & 17A, S.B.L. No. 31-2-66.2, TOWN OF WARWICK, COUNTY OF ORANGE, NEW YORK, John W. Sanford, III, John Doe, et al., and Unknown Owners,

          *Defendants.*

Civil Action No.
07-CIV- 7646 (KMK)

Hon. Kenneth M. Karas

STIPULATION AND CONSENT ORDER GRANTING MOTION FOR A PRELIMINARY INJUNCTION AND ESTABLISHING BOND FOR THE SANFORD PROPERTY

## RECITALS

A. Plaintiff, Millennium Pipeline Company, L.L.C. ("Millennium"), having filed a complaint on August 28, 2007, seeking, *inter alia*, an order for permanent easements and temporary construction easements in addition to the permanent easement it already possesses with respect to the real property owned by Defendant, John W. Sanford, III ("Sanford");

B. Millennium having also filed a motion for a preliminary injunction, pursuant to Federal Rules of Civil Procedure ("FRCP") 65(a), seeking an order permitting Millennium to immediately enter upon the real property owned by Sanford, known as (No Number) East Side Of State Highway 94 & 17A, S.B.L. No. 31-2-64.32 And (No Number) West Side Of State Highway 94 & 17A, S.B.L. No. 31-2-66.2 (the "Sanford Property") for the purpose of commencing work associated with the construction of a natural gas pipeline to effectuate a public project approved by the Federal Energy Regulatory Commission ("FERC") (the "Project");

C. The parties having reached agreement resolving the said motion for injunctive relief;

IT IS STIPULATED, AGREED AND ORDERED, that:

1. Plaintiff's motion for injunctive relief pursuant to Federal Rules of Civil Procedure ("FRCP") 65(a), including immediate possession of and entry upon the requested permanent and temporary construction easements and the existing permanent easement to commence work

associated with the construction of and to construct a natural gas pipeline, relating to the real property owned by Sanford (known as (No Number) East Side Of State Highway 94 & 17A, S.B.L. No. 31-2-64.32 And (No Number) West Side Of State Highway 94 & 17A, S.B.L. No. 31-2-66.2 (the "Sanford Property")), is granted and shall remain in effect for the duration of the construction and testing of said pipeline and restoration of the Sanford Property following pipeline construction and testing, but not later than December 21, 2009 (unless otherwise extended by the Federal Energy Regulatory Commission).

2. The parties will take reasonable measures and efforts to minimize damage to either fencing or livestock during both pre-construction and construction activities. Millennium agrees to undertake reasonable efforts to protect Sanford's fencing and livestock, including provision for temporary and alternative fencing arrangements, as set forth in the environmental construction standards and after consultation with Sanford (whose consultation shall not be unreasonably withheld or delayed) as to the specifications of the fencing. Temporary fencing may be installed, as deemed necessary, along and/or across the construction area to protect livestock from construction activities. Alternative pasturing/feeding arrangements may also be made. Once construction is complete, permanent fence repairs will be made after consultation with Sanford (whose consultation shall not be unreasonably withheld or delayed) as to the specification of the fencing. To the extent that the fencing is required to be moved for purposes of clearing and/or construction of the pipeline, Millennium agrees to pay for the expense of such re-alignment. Sanford shall remit bills for the cost of relocating the electrified fence to Millennium which shall be paid by Millennium within a reasonable time period and in the ordinary course of its payment of invoices. Sanford agrees to complete the re-alignment of the electrical fence to outside the temporary and permanent easement footprint along the Sanford

Property within a reasonable time after Millennium flags the location of the easement area, but no later than October 31, 2007. To the extent of rolled wire (or non-electrical) fencing, Millennium agrees to move said fencing to be outside the temporary and permanent easement footprint for the pendency of the construction and restoration, and agrees to restore said fencing to its original placement once the construction and restoration is complete.

3. Prior to said possession and entry on the Sanford Property, Millennium shall post a bond in the amount of $300,000, the form, content and surety thereof shall be satisfactory to counsel for Sanford, whose consent shall not be unreasonably withheld or delayed.

4. Proof of said bond shall be filed with the Court and served upon Defendant, John W. Sanford, III, and said bond shall be maintained for the duration of the construction and testing of said pipeline and restoration of the Sanford Property.

5. Posting of the bond is solely for purposes of resolving the pending motion for immediate access to the Sanford Property, and therefore, it is not admissible and does not constitute an admission regarding any valuation or damages that the Court might finally determine.

FOR: PLAINTIFF
*By its attorneys,*
HISCOCK & BARCLAY, LLP

By: _____
Mark D. Lansing (ML1947)
50 Beaver Street
Albany, New York 12207
(518) 434-2163
Facsimile: (518) 427-3469

FOR: DEFENDANT, JOHN W. SANFORD, III
*By its attorneys*
BONACIC, KRAHULIK &
ASSOCIATES, LLP

By: _____
Robert Krahulik (RK9906)
Two Bank Street, P.O. Box 391
Warwick, New York 10990
(845) 986-1156
Facsimile: (845) 986-9421

ALLIB01\194563\2
304287-3024516

IT IS SO ORDERED.

Dated: October 4, 2007
       White Plains, New York

_____
Kenneth M. Karas
United States District Judge